(January 5, 1976)

■ MARJORIE HELSEL, Respondent-Appellant, v RAYMOND HELSEL, Appellant-Respondent.—Judgment, Supreme Court, New York County, entered November 20, 1974, *inter alia,* granting plaintiff a judgment of divorce by reason of her abandonment by defendant and awarding plaintiff alimony, child support and a counsel fee, modified, on the law, on the facts and in the exercise of discretion, to the extent of striking the decretal paragraph granting plaintiff a divorce, reducing the alimony to $7,500 per year and counsel fee to $5,000 and providing for a credit to defendant for all sums expended for the support of his children during the period between the commencement of the trial and the date of entry of the judgment. Except as so modified, said judgment is affirmed, without costs and without disbursements. The order of said court, entered April 29, 1975, *inter alia,* adjudging defendant guilty of contempt for willfully disobeying the aforesaid judgment of such court, modified, on the law, on the facts and in the exercise of discretion, to the extent of reflecting the reduction of the alimony and of the counsel fee and the credit for child support hereinabove directed, and otherwise affirmed, without costs and without disbursements. The testimony adduced at the trial fails to establish the abandonment of the plaintiff by the defendant for a period of one or more years. (Domestic Relations Law, § 170, subd [2].) However, such failure of proof, resulting in a denial of a divorce to plaintiff, does not preclude the granting of ancillary relief (Domestic Relations Law, §§ 236, 237, 240). On the record before us, the alimony and the counsel fee awards were excessive to the extent indicated and defendant should have been credited with the posttrial child support payments made. Markewich, J. P., Murphy, Nunez and Yesawich, JJ. concur in modification to strike the decretal paragraph of the judgment granting divorce and to dismiss; Kupferman, J., dissents in part and would remand for a new trial in a memorandum. As to modification to reduce alimony to $7,500, Markewich, J. P., Kupferman, Nunez and Yesawich, JJ., concur; Murphy, J., dissents in part and would not reduce alimony in a memorandum by Murphy, J. Kupferman, J. (concurring in part and dissenting in part). While I otherwise concur in the majority determination, I would either affirm the granting of a divorce or remand for a new trial solely on that issue.

The action was commenced by the wife in July, 1972 for a separation. The

verified complaint contained two causes of action: one, that defendant failed to engage in marital relations commencing about April, 1971, and two, on the ground of cruel and inhuman treatment. Defendant denied the allegations of the complaint and counterclaimed for a divorce on the ground of the plaintiff's cruel and inhuman treatment toward him. At trial on January 21, 1974 the defendant withdrew his answer and counterclaim, and the parties stated on the record that the plaintiff wife would proceed to a judgment of divorce on the ground of abandonment. While the testimony was that the husband had actually removed from the marital premises in May of 1972, it was implicit that he had to all intents and purposes ceased the relationship with his wife long prior to the one year required by subdivision (2) of section 170 of the Domestic Relations Law. Further, by making no defense, the allegation of abandonment as of April, 1971 was conceded. After so many years, to now set aside the divorce is to exalt technicality over substance and disregard reality. At the very least, we should remand for a new trial. *(Smith v Smith,* 51 AD2d 523.) Murphy, J. (concurring in part and dissenting in part). I concur with the majority except that the alimony provision of $10,000 a year should be affirmed. At the time of the separation and from May, 1972 until March, 1973 defendant husband voluntarily paid to plaintiff wife $12,000 a year in addition to the expenses of the children. The trial court properly considered the preseparation standard of living as well as the income and expenses of the parties. There is no warrant to disturb the finding which is amply supported in the record. Settle order on notice providing, *inter alia,* that defendant may purge himself of contempt by complying with the provisions of the judgment, as hereby modified, within 30 days after the service upon him by plaintiff of a copy of the order to be settled hereon, with notice of entry.